```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARICELA DEBOISSIERE, individually
and on Behalf of all Others
Similarly Situated,

                Plaintiffs,
                                        MEMORANDUM & ORDER
    - against -                         09-CV-2316 (JS)(MLO)

AMERICAN MODIFICATION AGENCY,
AMERIMOD INC., SALVATORE PANE, JR.,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Erik Harald Langeland, Esq.
                   Erik H. Langeland, P.C.
                   500 Fifth Avenue, Ste. 1610
                   New York, NY 10110

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On June 1, 2009, Plaintiff Maricela Deboissiere, on behalf of others similarly situated, sued Defendants, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., and applicable New York law by failing to pay their loan modification advisors minimum wages and overtime. Plaintiffs now move to certify their New York state law claims under FED. R. CIV. P. 23. Defendants have filed no opposition papers and, in fact, have yet to answer Plaintiffs' Complaint or otherwise appear in this case. Defendants' failure to appear does not, however, negate the

Court's responsibility to sua sponte consider whether class certification is appropriate. Having done so, the Court DENIES Plaintiffs' motion for class certification WITHOUT PREJUDICE.

BACKGROUND

Defendants employed the named Plaintiff, and others similarly situated, to work as loan modification advisers in New York. Pl. Exs. A, B. In this role, Plaintiffs sold loan modifications to customers. Pl. Exs. B-F at ¶ 5.

Defendants paid Plaintiffs on a commission only basis. Pls. Exs. B-D at ¶¶ 6, 9. Thus, if Plaintiffs failed to sell a loan modification during a pay period, Defendants paid them nothing, not even minimum wage. Pls. Exs. B-F at ¶ 6. Likewise, Defendants did not pay Plaintiffs time and a half for working more than 40 hours a week. Pls. Exs. B-F at ¶ 8. Indeed, Defendants did not even record Plaintiffs' hours. Pls. Exs. B-F at ¶ 10.

This action followed.

DISCUSSION

I. Applicable Legal Standards

To certify a class, Plaintiffs must establish, by a preponderance of the evidence, that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. See FED. R. CIV. P. 23; Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008) (imposing a preponderance of the evidence standard). In addition, Plaintiffs must establish, by a preponderance of the evidence, that one of Rule 23(b)'s requirements have been met. Teamsters Local 445 Freight Div. Pension Fund, 546 F.3d at 202. Here, Plaintiffs seek certification under Rule 23(b)(3), requiring them to show that: (1) common questions "predominate" over individual questions; and that (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Given Plaintiffs' burden, the Court must "receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." Id. at 204 (internal quotations and citations omitted).

II. Numerosity

Plaintiffs have put forth sufficient evidence to indicate that the proposed class consists of at least 50 loan modification officers. Pls. Exs. B-D. This is sufficient to establish numerosity. See Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) (numerosity presumed at 40 members).

III. Commonality

Plaintiffs have put forth sufficient evidence to indicate that class members' claims share many common legal questions, including whether Defendants' commission-only pay plan violated New York's wage and hour laws and whether Defendants misclassified their loan modification advisors as exempt from New York's wage and hour laws. In addition, Plaintiffs have put forth sufficient evidence showing that class members' claims share many common factual questions, including whether Defendants paid minimum wages, whether Defendants expected them to work more than 40 hours a week, and whether Defendants paid them overtime wages when they worked more than 40 hours a week. Given these common issues, among others, the Court finds that Plaintiffs have met the commonality requirement. See, generally, Frederick v. Dreiser Loop Supermarket Corp., 06-CV-15341, 2008 U.S. Dist. LEXIS 86138 (S.D.N.Y. Oct. 24, 2008) (overtime claims); Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351, 354 (S.D.N.Y. 1999) (minimum wage claims).

IV. Typicality

Plaintiffs contend that they meet the typicality requirement because the named Plaintiff, Ms. DeBoissiere, asserts the same claims the class does: that she worked for Defendants as a loan modification advisor, was paid only in

4

commissions, routinely worked more than 40 hours a week, and did not receive overtime or the minimum wage. The Court agrees.

V. Adequacy of Representation

A. Ms. DeBoissiere

Plaintiffs further argue that, based on her declaration, Ms. DeBoissiere is an adequate class representative. In this regard, Plaintiffs contend that Ms. DeBoissiere's declaration "attest[s] to the pertinent facts of this case," and "indicates her willingness to participate as the class representative." The Court disagrees. Ms. DeBoissiere's declaration (Pl. Ex. B) sufficiently attests to this case's facts. But it says nothing about Ms. DeBoissiere's willingness or ability to serve as a class representative. Nor does it say anything about whether Ms. DeBoissiere possesses any "conflicts of interest" with the other class members. Compare Pl. Br. 9 with Pl. Ex. B. This lack of evidence is fatal to Plaintiffs' present motion. As discussed above, Plaintiffs bear the burden of showing, by a preponderance of the evidence, that they have met Rule 23's requirements. Teamsters Local 445 Freight Div. Pension Fund, 546 F.3d at 202. Counsel's statements are not evidence. See, generally, Baptist v. Global Holding & Inv. Co., L.L.C., 04-CV-2365, 2007 U.S. Dist. LEXIS 49476, *18 (E.D.N.Y. July 9, 2007) (attorney argument is not evidence). And Plaintiffs provide nothing else. Thus, Plaintiffs have failed

to establish, by a preponderance of the evidence, that Ms. DeBoissiere would be an adequate representative.

    B.    Plaintiffs' Counsel

Plaintiffs also contend that their apparent counsel, Stephan Zouras, LLP and Erik H. Langeland, P.C., would adequately represent the class. Notwithstanding Plaintiffs' failure to establish Ms. DeBoissiere's adequacy, the Court reaches this issue, as it goes to the same Rule 23 prong. The Court finds that Erik H. Langeland, P.C., would be adequate class counsel. The Court makes no such finding with respect to Stephan Zouras, LLP for a simple reason: this firm has not yet filed a Notice of Appearance or otherwise formally appeared. Before the Court decides Stephan Zouras, LLP's adequacy to serve as class counsel under Rule 23, Stephan Zouras, LLP must first be counsel to some party or intervener.

## VI.   Preponderance & Superiority

Because the Court finds that Plaintiffs have not yet shown Ms. DeBoissiere's adequacy to serve as class representative, Plaintiffs have failed to meet their burden under Rule 23(a). Thus, the Court declines to reach whether Plaintiffs have met Rule 23(b)(3)'s requirements.

CONCLUSION

Plaintiffs' motion to certify a New York state law class action under Rule 23 is DENIED WITHOUT PREJUDICE.

Plaintiffs have leave to re-file their motion to adduce evidence concerning the adequacy of representation factor.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  Central Islip, New York
        May 5, 2010