```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARICELA DEBOISSIERE, individually
and on Behalf of all Others
Similarly Situated,

                    Plaintiffs,
                                            MEMORANDUM & ORDER
    - against -                             09-CV-2316 (JS)(MLO)

AMERICAN MODIFICATION AGENCY,
AMERIMOD INC., SALVATORE PANE, JR.,

                    Defendants.
----------------------------------------X
```

APPEARANCES:
For Plaintiffs:     Erik Harald Langeland, Esq.
                    Erik H. Langeland, P.C.
                    500 Fifth Avenue, Ste. 1610
                    New York, NY 10110

For Defendants:     No appearances.

SEYBERT, District Judge:

On June 1, 2009, Plaintiff Maricela Deboissiere, on behalf of others similarly situated, sued Defendants, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., and applicable New York law by failing to pay their loan modification advisors minimum wages and overtime.  Plaintiffs moved to certify their New York state law claims under FED. R. CIV. P. 23, but, on May 5, 2010, the Court denied Plaintiffs' class certification motion.  The Court found that, although Plaintiffs had sufficiently shown numerosity, commonality, and typicality, Plaintiffs had failed

to adduce sufficient evidence concerning the adequacy of representation factor. The Court therefore did not reach the predominance and superiority prongs of the class certification inquiry. Plaintiffs have now moved again for class certification. Defendants have filed no opposition papers and, in fact, have yet to answer Plaintiffs' Complaint or otherwise appear in this case. Nevertheless, the Court must sua sponte inquire if Plaintiffs have met their class certification burden. Having done so, the Court DENIES Plaintiffs' renewed class certification motion.

BACKGROUND

Defendants employed the named Plaintiff, and others similarly situated, to work as loan modification advisers in New York. Pl. Exs. A, B. In this role, Plaintiffs sold loan modifications to customers. Pl. Exs. B-F at ¶ 5.

Defendants paid Plaintiffs on a commission only basis. Pls. Exs. B-D at ¶¶ 6, 9. Thus, if Plaintiffs failed to sell a loan modification during a pay period, Defendants paid them nothing, not even minimum wage. Pls. Exs. B-F at ¶ 6. Likewise, Defendants did not pay Plaintiffs time and a half for working more than 40 hours a week. Pls. Exs. B-F at ¶ 8. Indeed, Defendants did not even record Plaintiffs' hours. Pls. Exs. B-F at ¶ 10.

This action followed.

DISCUSSION

I. Applicable Legal Standards

To certify a class, Plaintiffs must establish, by a preponderance of the evidence, that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. See FED. R. CIV. P. 23; Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008) (imposing a preponderance of the evidence standard). In addition, Plaintiffs must establish, by a preponderance of the evidence, that the relevant Rule 23(b) requirements have been met. Teamsters Local 445 Freight Div. Pension Fund, 546 F.3d at 202. Here, Plaintiffs seek certification under Rule 23(b)(3), requiring them to show that: (1) common questions "predominate" over individual questions; and that (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Given Plaintiffs' burden, the Court must "receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." Id. at 204 (internal quotations and citations omitted).

3

II. Numerosity, Commonality, and Typicality

For the same reasons as its original opinion, the Court finds that Plaintiffs have met the numerosity, commonality, and typicality factors. See Deboissiere v. American Modification Agency, 09-CV-2316, 2010 WL 1849265, at *2, 2010 U.S. Dist. LEXIS 44385, at *5-6 (E.D.N.Y. 2010).

III. Adequacy of Representation

A. Ms. DeBoissiere

Plaintiffs posit that, based on her declaration, Ms. DeBoissiere is an adequate class representative. In this regard, Plaintiffs contend that Ms. DeBoissiere's second declaration attests that "she is intimately familiar with the facts of this case," will "do what is necessary to protect the interests of the class," and "does not have conflicts of interest with [the class]" because "her claims are the same as those of the other loan medication advisors." Pl. Br. at 10. The Court agrees. Unlike Ms. DeBoissiere's first declaration, her second declaration sufficiently indicates her willingness and ability to serve as a class representative, and attests to her not having any conflicts of interest with the class. Compare Docket No. 32-8 with Docket No. 32-3. Given Ms. DeBoissiere's second declaration, the Court is satisfied that Plaintiffs have met their burden in showing that Ms. DeBoissiere would be an adequate representative.

B.  Plaintiffs' Counsel

For the same reasons as its original opinion, the Court finds that Plaintiffs have met their burden in showing that Erik H. Langleland, P.C., will adequately represent the class as counsel. See Deboissiere, 2010 WL 1849265 at *2.

IV. Predominance

Plaintiffs argue that they have met the predominance inquiry because "[a]ll" class members "worked under the same 100% commission compensation policy that did not include any minimum wage components or premium for hours worked over 40 per week," and because the class "will rely on generalized proof, such as the Defendants' uniform policies and absence of accurate time records, to prove their claims." Pl. Br. 11. To support this argument, Plaintiffs have submitted several declarations from loan modification advisors, and two declarations from people who occupied managerial positions. Plaintiffs have not, however, submitted any documents that reflect Defendants' supposedly "uniform policies." Considering the evidence submitted, the Court concludes that Plaintiffs have not met their burden to establish the predominance prong.

New York exempts several different kinds of people from its state law minimum wage and overtime requirements. Based on Plaintiffs' allegations and evidence, most of these exemptions clearly do not apply. See, generally, 12 NY ADC 142-

2.14(c). The Court does, however, have concerns about two recognized exemptions.

First, New York exempts "outside salesperson[s]" from its labor laws. 12 NY ADC 142-2.14(c)(5). An outside salesperson is "an individual who is customarily and predominantly engaged away from the premises of the employer, and not at any fixed site and location," for, among other things, the purpose of making sales. Id. Plaintiffs' evidence, submitted in support of their class certification motion, concerns loan modification advisors who apparently worked principally or entirely at one of Defendants' offices. Plaintiffs, however, seek to define the class as "All individuals who were employed or are currently employed by one or more of the Defendants in the state of New York as loan modification advisors, or other similarly titled position." And it is an open question whether, in contrast to Plaintiffs' witnesses, some of Defendants' loan modification advisors "customarily and predominantly" worked "away from [Defendants'] premises . . . and not at any fixed site or location." And, if Defendants employed many people who sometimes worked at an office, but sometimes worked remotely, there may be significant individual factual issues about whether any particular proposed class member qualifies under the "outside salesperson" exemption.

Second, New York's labor laws apply only to employees, not independent contractors. See Gagen v. Kipany Productions, Ltd., 27 A.D.3d 1042, 1043-44, 812 N.Y.S.2d 689, 690-91 (3d Dept. 2006). And here, Plaintiffs' pleadings strongly suggest that Defendants classified loan modification advisors as independent contractors.[1] Among other things, Plaintiffs have alleged that Defendants: (1) paid loan modification advisors on a commission-only basis (Compl. ¶ 20); (2) did not keep accurate time records to track hours worked (Compl. ¶ 27); and (3) "conveniently avoided paying payroll taxes" (Pl. Br. at 4). The Court takes judicial notice that these practices are wholly consistent with a business and/or legal decision to treat salespersons as independent contractors.

Of course, the fact that Defendants may have classified loan modification advisors as independent contractors does not mean that this classification was proper. It does, however, potentially raise problematic individualized issues regarding whether any particular loan modification advisor was properly classified. Under New York law, a person's status as an employee or an independent contractor is a fact-intensive

---

[1] Plaintiffs avoid formally alleging that Defendants classified loan modification advisors as independent contractors. And, as Defendants have not appeared, they have not clarified the issue. Nevertheless, at the class certification stage, the Court must make this inquiry sua sponte, as it may lead to a finding that individualized issues predominate.

7

inquiry that depends upon factors such as whether the person: (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule. Bynog v. Cipriani Group, Inc., 1 N.Y.3d 193, 198, 802 N.E.2d 1090, 1093, 770 N.Y.S.2d 692, 695 (N.Y. 2003); Velu v. Velocity Exp., Inc., 666 F. Supp. 2d 300, 307-08 (E.D.N.Y. 2009). In addition, it is a "significant consideration" if the person classifies himself or herself as an independent contractor for income tax purposes. Gagen, 27 A.D.3d at 1043-44, 812 N.Y.S.2d at 690-91. Indeed, though not quite rising to the level of estoppel, if a plaintiff signs a tax return "under penalty of perjury" that declares independent contractor status and seeks "numerous deductions for business purposes associated with independent contractor status, such as travel, entertainment, lodging, supplies, telephone and depreciation of business assets," such a tax return may significantly impede the plaintiff's ability to claim employee status for purposes of filing an overtime or minimum wage claim. Id.

Here, Plaintiffs have submitted evidence concerning some, but not all, of the relevant state law factors. For instance, Plaintiffs' two managerial witnesses both have sworn that "All loan modification advisors regularly worked in excess of 40 hours a week," (Docket Nos. 32-6 at ¶ 7; 32-7 at ¶ 7)

8

suggesting that the advisors did not work at their own convenience. But other pleadings, even if accepted as true, tilt against a finding of an employer-employee relationship. The commission-only compensation system, for example, strongly suggests that loan modification advisors did not receive fringe benefits and were not included on Defendants' payroll. And the record is silent about other factors, such as whether loan modification advisors worked on a fixed schedule and were free to seek outside employment.

The Court is mindful that, at this stage, the relevant inquiry considers whether common questions predominate over individualized issues, not the merits of Plaintiffs' claims. And it is true that, notwithstanding whether they support or weaken Plaintiffs' claims, Plaintiffs have at least shown that three factors are subject to common proof. But, given that certain factors suggest an employment relationship while other factors reflect a legitimate independent contractor classification, any particular proposed class member's status might be a close question that depends upon the "significant consideration" of how the proposed class member defined himself or herself on tax returns, and whether the class member sought tax benefits associated with independent contractor status. Gagen, 27 A.D.3d at 1043-44, 812 N.Y.S.2d at 690-91. So this single important individualized issue might prove outcome

determinative for many, if not all, of the proposed class members. See generally In re Worldcom, Inc., 343 B.R. 412, 426 (S.D.N.Y. Bnkr. 2006) (denying certification based upon the single individualized issue of reliance, because that issue was an "essential element" of the claims); see also Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 937-38 (9th Cir. 2009) (affirming denial of class certification in case involving similar factual allegations, but asserting California state law claims). Moreover, Plaintiffs have submitted nothing at all concerning two of the factors: (2) whether the proposed class members had freedom to engage in other employment; and (5) whether they worked a fixed schedule. Thus, Plaintiffs have not shown that these factors depend upon common instead of individualized questions. Nor have Plaintiffs provided any policy or personnel documents to otherwise supplement their allegations of an employment relationship between Defendants and the proposed class members.

It follows then that, based on this record, Plaintiffs have not met their burden in establishing the predominance prong by a preponderance of the evidence. Thus, the Court must again DENY Plaintiffs' class certification motion.

## CONCLUSION

Plaintiffs' motion to certify a New York state law class action under Rule 23 is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         October 22, 2010